# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-cv-00939-RFB-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 42) |
| NIKKI M. POMEROY, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to stay discovery pending resolution of its motion for partial summary judgment, Docket No. 42, which is **DENIED**. Most significantly, the motion to stay discovery was filed after business hours on the discovery cutoff, and it is not in furtherance the goals of Rule 1 to stay discovery at this point when little (if any) discovery remains. In addition, Plaintiff fails to explain in meaningful fashion how this motion to stay discovery differs from the others previously denied. *Bank of America, N.A. v. Treo N. & S. Homeowners' Ass'n*, 2017 U.S. Dist. Lexis 139662 (D. Nev. Aug. 30, 2017); *Bank of America, N.A. v. Imagination N. Landscape Maint. Ass'n*, 2017 U.S. Dist. Lexis 129398 (D. Nev. Aug. 14, 2017); *JPMorgan Chase Bank v. RHKids, LLC*, 2017 U.S. Dist. Lexis 123044 (D. Nev. Aug. 4, 2017); *Bank of N.Y. Mellon v. Vegas Prop. Servs.*, 2017 U.S. Dist. Lexis 66682 (D. Nev. May 2, 2017). Lastly, Plaintiff fails to provide meaningful explanation for its contention that its motion for summary judgment may dispose "of the entire case," Docket No. 42 at 3, when the summary judgment motion is on its face a *partial* motion for summary judgment, Docket No. 41. The motion to stay discovery is **DENIED**.

In violation of Local Rule IC 2-2(b), Plaintiff filed in the same document a motion to extend discovery. Docket No. 42 at 5. It appears the discovery at issue would be follow-up to documents obtained and depositions taken in the twilight of the discovery period, *id.* at 6, and Plaintiff has failed to show adequately that it diligently used the entire discovery period already provided, *see, e.g.*, *My Home Now, LLC v. JPMorgan Chase Bank N.A.*, 2016 WL 643960, at *2 (D. Nev. Oct. 28, 2016). Lastly, to the extent the additional discovery stems from other parties' discovery shortcomings, Plaintiff has failed to explain why that is not remedied through a motion to compel rather than generally reopening discovery. *Cf. Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (the outer deadline for filing a discovery motion is generally the deadline for dispositive motions). The motion to extend discovery is **DENIED** without prejudice.

Accordingly, the motion to stay discovery is **DENIED** with prejudice and the motion to extend discovery is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: October 31, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge