DIANA S. EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@kgelegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for Clifford L. Casey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-82, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-82,<br><br>Plaintiff,<br><br>vs.<br><br>NIKKI M. POMEROY; CLIFFORD L. CASEY, INDIVIDUALLY AND AS TRUSTEE FOR GENSTAR LTD TRUST; REPUBLIC SILVER STATE DISPOSAL, INC. DBA REPUBLIC SERVICES; ANYTIME PLUMBING; PARADISE SPA, LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00939-RFB-NJK<br><br>**CLIFFORD L. CASEY'S MOTION TO STAY THE DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF THE CERTIFIED QUESTION PENDING BEFORE THE NEVADA SUPREME COURT OR UNTIL RESOLUTION OF CASEY'S MOTION TO DISMISS ECF NO. 29** |

Clifford Casey ("Casey") hereby moves to stay the dispositive motion deadline (11/29/17) pending resolution of the Certified Question currently pending before the Nevada Supreme Court, which, to the extent the Court does not dismiss the complaint as time-barred before the dispositive motion deadline, will affect much of the dispositive motion briefing. Alternatively, Casey requests this Court stay the dispositive motion deadline pending his Motion to Dismiss. ECF No. 29. This Motion is based on the papers and pleadings on file herein, the following memorandum of points

- 1 -

and authorities, and such evidence and oral argument as may be presented at the time of the hearing on this matter.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.** **INTRODUCTION**

This case arises from a January 2011 foreclosure of a homeowner's association lien containing super-priority amounts pursuant to NRS 116. The Bank waited well over six years to file its complaint, so the case must be dismissed as time-barred. *See* ECF No. 29. To the extent Defendant's motion to dismiss is not granted before the current dispositive motion deadline, the parties will have to brief the purported unconstitutionality of NRS 116. The Court is well aware of the conflicting rulings in the state and federal courts concerning NRS 116's notice provisions regarding non-judicial foreclosures. In *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), the Ninth Circuit Court of Appeals found that NRS Chapter 116's purported "'opt-in' notice scheme" was facially unconstitutional. Shortly thereafter, the Nevada Supreme Court explicitly rejected the holding in *Bourne Valley*, finding no constitutional infirmities in NRS Chapter 116's notice provisions, while leaving open the question of whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev. 2017). This question has been certified and is currently pending before the Nevada Supreme Court. If the question is answered in the affirmative, all constitutional concerns as to NRS Chapter 116 set forth in *Bourne Valley* will be eliminated, and most or all of the claims in this case will be affected.

Because many issues in this case hinge upon the resolution of the Certified Question, the more prudent and logical course at this time is to stay all proceedings pending full resolution of the Certified Question to the Nevada Supreme Court. Alternatively, the Court should stay the dispositive motion pending the resolution of Casey's motion to dismiss.

### **II.** **BACKGROUND**

Discovery closed on October 30, 2017. *See* ECF No. 18. The dispositive motion deadline is currently set for November 29, 2017. *Id.* The pretrial order deadline is currently set for December

- 2 -

29, 2017, but is stayed pending Casey's motion to dismiss [ECF No. 29]. *Id.*

On August 12, 2016, the Ninth Circuit Court of Appeals issued its decision in *Bourne Valley*, finding due process concerns were implicated because of state action, and holding that NRS Chapter 116's purported "'opt-in' notice scheme" was facially unconstitutional. 832 F.3d at 1156. In interpreting the then-applicable notice provision in NRS 116.31163, the Court in *Bourne Valley* held that Nevada law did not mandate actual notice to mortgage lenders whose rights are subordinate to a homeowner's association super priority lien. *See* 832 F.3d at 1159. Relying upon its own analysis of Nevada's statutory foreclosure statutes, the Court found that although NRS 116.31168(1) incorporated NRS 107.090, *which mandated actual notice to subordinate lien holders*, the notice provision in NRS 116.31163(2), requiring notice only to those who "notified the association, 30 days before recordation of the notice of default, of the security interest," controlled, and because full incorporation of the NRS 107.090 would "render superfluous" the notice provision of NRS 116.31163(2), *the statute could not be read to require the notice relevant to the constitutional challenge*.

On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay*. It expressly renounced *Bourne Valley*. The Nevada Supreme Court in *Saticoy Bay* rejected the *Bourne Valley* Court's reasoning on the issue of whether due process was implicated, holding—in harmony with the *Bourne Valley* dissent—that due process was not implicated in an association non-judicial foreclosure sale because of a lack of state action. 388 P.3d at 974 n.5. It also held that a homeowner association's assessment lien foreclosure sale pursuant to NRS Chapter 116 does not constitute a taking in violation of the Supremacy Clause of the United States Constitution. Because the Nevada Supreme Court concluded due process was not implicated, it stated that it "need not determine whether NRS 116.3116 *et seq*. incorporates the notice requirements set forth in NRS 107.090." *Id*.

On April 26, 2017, a Certified Question was presented by the Honorable Richard Boulware to the Nevada Supreme Court regarding NRS 116's notice requirement. *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41]. Specifically, the Certified Question presented is as follows: "Whether NRS §

116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice?"

On June 13, 2017, the Nevada Supreme Court issued an Order accepting the Certified Question. *See* Nevada Supreme Court, Case No. 72931. Briefing in that matter is currently in progress. An answer to this Certified Question in a published opinion pronouncing that NRS 116.31168 fully incorporates NRS 107.090, and *mandates* notice to junior lienholders of record, will cure the conflict between Nevada's state and federal courts and provide a singular, binding authority on the issue which is central to the instant case.

Should the Nevada Supreme Court follow the position it has already taken in multiple unpublished orders,[1] the interpretation will eliminate any purported unconstitutionality of NRS 116 as set forth in *Bourne Valley*. The Nevada Supreme Court's interpretation of state law such as concerns the Certified Question **is binding on the federal courts**.[2] The Certified Question, if

---

[1] "NRS 116.31168 (2013) incorporates NRS 107.090 (2013), which requires that notices to be sent to a deed of trust beneficiary." *G & P Inv. Enterprises, LLC v. Mortgage Elec. Registration Sys.*, Inc., 391 P.3d 101, fn.1 (Table) (March 17, 2017) (unpub.); *see also LN Mgmt. LLC Series 877 Veranda View v. Wells Fargo Bank, N.A.*, 391 P.3d 102, fn 1 (Table) (March 17, 2017) (unpub.); *Holm Int'l Properties, LLC v. Bank of New York Mellon*, 391 P.3d 103 (Table) (March 17, 2017) (unpub.); *Saticoy Bay LLC Series 5710 E. Tropicana 2077 v. SRMOF II 2012-1 Trust*, 391 P.3d 102, fn 1 (Table) (March 17, 2017) (unpub.); *Las Vegas Dev. Group, LLC v. Wells Fargo Fin. Nevada 2, Inc.*, 391 P.3d 101, fn 1 (Table) (March 17, 2017) (unpub.); *Bank of New York Mellon for Certificate Holders CWABS, Inc., Asset-Backed Certificates, Series 2006-22 v. Fort Apache Homes, Inc.*, 393 P.3d 660, fn 2 (Table) (April 14, 2017) (unpub.); *JPMorgan Chase Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 10013 Alegria*, 393 P.3d 1073, fn 2 (Table) (April 14, 2017) (unpub.); *PNC Bank, N.A., Successor By Merger To National City Mortgage Co D/B/A Commonwealth United Mortgage Company, v. Saticoy Bay, LLC Series 4208 Rolling Stone Dr. Trust*, 69201, 2017 WL 2628535, at *1 (Nev. June 15, 2017) slip copy fn1; *PNC Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 9320 Mt. Cash Ave. UT* 103, 395 P.3d 511 fn 1 (Table) (May 25, 2017); *JPMC Specialty Mortgage LLC v. Saticoy Bay LLC, 70993*, 2017 WL 2628934, at *1 (June 15, 2017).

[2] A ruling by the Nevada Supreme Court will provide an "intervening decision on controlling state law by a state court of last resort" *Miller v. Gammie,* 335 F.3d 889, 892-893 (9th Cir. 2003). The 9th Circuit has stated that "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later . . . and reject the prior circuit opinion as . . . overruled." *Id*. This is equally true for a district court. Id. at 900 ("district courts should consider themselves bound by the intervening higher authority. . . ."). *See also Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (a state's highest court's interpretation of state law is binding on the federal courts). The Ninth Circuit has been blunt about this point, "a state supreme court can overrule us on a question of state law," *Henderson v. Pfizer, Inc.*, 285 F. App'x 370, 373 (9th Cir. 2008), and "we are required to follow intervening decisions of the [Nevada] Supreme Court that interpret state law in a way that contradicts our earlier interpretation of that law." *Bonilla v. Adams*, 423 F. App'x 738, 740 (9th Cir. 2011). After all, "[i]t is solely within the province of the state courts to authoritatively construe state legislation." *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

answered in the affirmative in a published opinion, would nullify *Bourne Valley* completely.

### III. ARGUMENT

Plaintiff has asserted the unconstitutionality of NRS Chapter 116's notice provisions in it is Complaint and affirmative defenses [ECF No. 1]. To the extent the Court does not grant Casey's motion to dismiss prior to the dispositive motion deadline, the issue of the purported unconstitutionality of the statute will be a central issue in the briefing and to the case. This issue, along with the current conflict between state and federal law as to NRS Chapter 116's notice provisions engendered in *Bourne Valley* and *Saticoy Bay*, will be definitively resolved by the Nevada Supreme Court's answer to the Certified Question. Proceeding with instant case before the critical Certified Question is resolved will benefit no one and carries the risk of tremendous waste and inefficiency. To the extent the Court does not dismiss the case based on Casey's Motion to Dismiss before the dispositive motion deadline, the best course is to continue the stay currently in place until the potentially dispositive Certified Question pending before the Nevada Supreme Court is resolved. Proceeding with this case while the potentially dispositive Certified Question is pending is unnecessary, prejudicial to Casey, and likely to waste the time and resources of both the Court and the parties. Accordingly, Casey requests that this case be stayed until the Certified Question is fully resolved.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). When determining whether a stay is appropriate pending the resolution of another case, the district court must consider: (1) the possible damage that may result from a stay, (2) any hardship or inequity that a party may suffer if required to go forward, (3) and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that a stay will engender. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066

---

Cir. 2001); *see also O'Brien v. Skinner*, 414 U.S. 524, 531 (1974) ("It is not our function to construe a state statute contrary to the construction given it by the highest court of a State."); *High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) ("This court accepts a state court ruling on questions of state law.")

(9th Cir. 2007)(citations omitted). Considering these factors in the context of this case, a stay of litigation is appropriate.

    a. <u>Damage from Stay</u>: There will be no damage if this Court temporarily stays the case. The briefing is already complete for Casey's Motion to Dismiss ECF No. 24. The briefing is already underway for the Certified Question. A decision on same should follow shortly thereafter. The resultant damage for a temporary stay in this case will be minimal, as balanced against the litigants', attorneys' and judicial time and resources which would be expended by proceeding with dispositive motions while a final determination on the Motion to Dismiss and/or the Certified Question is pending, decisions on either of which may significantly affect the outcome of this case.

    b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for both parties to have finality, given the split in the state and federal court decisions. Any hardship would be equal in terms of resources expended without a stay. A stay prevents this expenditure for all parties.

    c. <u>Orderly Course of Justice</u>: At the center of this case is an association foreclosure sale under NRS Chapter 116 that happened well over six years before the Bank filed its complaint. Assuming the Court does not grant Casey's motion to dismiss and presuming that the Bank is able to prove its standing to enforce the underlying note and deed of trust and other critical issues, and that the United States is able to prove its purported interest, the outcome of the Certified Question has the potential to resolve the issue of the constitutionality of NRS 116, which in turn will directly affect the issue of the quieting title and the foreclosure of the underlying super-priority lien at issue herein. Without a stay, the parties will expend resources that will be unnecessary based on the resolution of the Motion to Dismiss and/or Certified Question. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly

course of justice in this case. A stay will avoid moving forward without final resolution of the federal issues and the state court / federal court conflict.

Upon decision by the Nevada Supreme Court on the Certified Question, the Court will be in a position to completely and finally resolve the issues related to *Bourne Valley* in this case. This will streamline and simplify the proceedings and pending dispositive motions and minimize the unnecessary expenditure of the parties' and the Court's time and resources.

The Court recently stayed a similar case pending resolution of the Certified Question, and should do so here on the same basis. *See Wells Fargo, N.A. v. SFR Investments Pool 1, LLC et al.*, U.S. District Court, District of Nevada, Case No. 2:16-cv-02726-RFB-NJK, ECF No. 67 (Nov. 14, 2017).

### IV. CONCLUSION

For the reasons stated above, Casey requests this Court stay the dispositive motion and pretrial order deadlines in this case pending resolution of the Certified Question currently pending before the Nevada Supreme Court. Alternatively, the Court should stay the dispositive motion pending the resolution of Casey's motion to dismiss.

DATED this 17th day of November, 2017

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 31 day of January, 2018

**KIM GILBERT EBRON**

*/s/ Diana S. Ebron*
Diana S. Ebron, Esq.
Nevada Bar No. 10580
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
Karen L. Hanks, Esq.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Phone: (702) 485-3300
Fax: (702) 485-3301
*Attorneys for Clifford L. Casey*

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2017, pursuant to FRCP 5, I served via the CM-ECF electronic filing system the foregoing **CLIFFORD L. CASEY'S MOTION TO STAY THE DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF THE CERTIFIED QUESTION PENDING BEFORE THE NEVADA SUPREME COURT OR UNTIL RESOLUTION OF CASEY'S MOTION TO DISMISS ECF NO. 29,** to the following parties:

Darren T. Brenner, Esq.
Natalie L. Winslow, Esq.
Rex D. Garner, Esq.
Tenesa S. Scaturro, Esq.
Akerman LLP
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144-0563
E-Mail: darren.brenner@akerman.com
　　　　natalie.winslow@akerman.com
　　　　rex.garner@akerman.com
　　　　tenesa.scaturro@akerman.com
*Attorney for Plaintiff,*
*The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-82, Mortgage Pass-Through Certificates, Series 2005-82*

　　　　　　　　　　　　　　　　　　　　*/s/ Diana S. Ebron*
　　　　　　　　　　　　　　　　　　　　an employee of KIM GILBERT EBRON